UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELINDA MILLER,

                Plaintiff,                            Hon. Ellen S. Carmody

v.                                             Case No. 1:14-cv-132

NRA GROUP, LLC,

                Defendant.

_____/

## OPINION

        This matter is before the Court on <u>Defendant's Motion for Summary Judgment</u>. (Dkt. #18).  On March 26, 2014, the parties consented to proceed in this Court for all further proceedings, including trial and an order of final judgment.  28 U.S.C. § 636(c)(1).  By Order of Reference, the Honorable Janet T. Neff referred this case to the undersigned.  (Dkt. #9).  For the reasons discussed herein, Defendant's motion is **granted** and this matter **terminated**.

## BACKGROUND

        Plaintiff initiated the present action in Barry County District Court against NRA Group, LLC.  In her complaint, Plaintiff alleges that between October 16, 2013, and December 7, 2013, Defendant telephoned her cell phone, (616) 366-8526, multiple times in an attempt to collect "an alleged debt."  Plaintiff asserts that because she did not give Defendant "prior permission" to contact her, Defendant's conduct violates the Telephone Consumer Protection Act (TCPA). Defendant removed the matter to this Court and now moves for summary judgment.  Plaintiff has failed to respond to Defendant's motion.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant

probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the

evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same).  Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).


## ANALYSIS

Pursuant to the Telephone Consumer Protection Act (TCPA), it is unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice. . .to any telephone number assigned to a. . .cellular telephone service. . .."  47 U.S.C. § 227(b)(1)(iii).  Plaintiff alleges that Defendants violated this provision by calling her cell phone on ten different occasions without prior consent.

In support of its motion for summary judgment, Defendant has submitted an affidavit executed by Ashley Chille, corporate counsel for NRA Group, LLC.  (Dkt. #19).  Chille asserts that she oversees "NRA's day-to-day collection activities" to ensure compliance with all applicable laws and regulations.  Chille asserts that on or about September 26, 2013, Aspen Dental "referred a past due account to NRA arising from services that were provided by Aspen Dental to Plaintiff in 2012."  Chille further asserts that "NRA's records reflect that Plaintiff provided Aspen Dental with a telephone number of (616) 366-8526 on Aspen Dental's *Patient Information Form*."  Finally, Chille asserts that "Plaintiff never informed NRA not to contact her using the phone number previously provided to Aspen Dental."

As the statutory language quoted above makes clear, the TCPA is not violated if the telephone call in question was made with the "prior express consent" of the person called.  While the TCPA does not define "prior express consent," courts, relying on orders issued by the Federal Communications Commission (FCC) interpreting the TCPA, have concluded that individuals who knowingly provide their phone numbers have given consent to be called at that number, absent instructions to the contrary.  *See, e.g., Hudson v. Sharp Healthcare*, 2014 WL 2892290 at *3 (S.D. Cal., June 25, 2014); *Ranwick v. Texas Gila, LLC*, - - - F.Supp.2d - - -, 2014 WL 3891663 at *2-4 (D. Minn., Aug. 7, 2014).  That Plaintiff in this case was contacted by NRA Group rather than Aspen Dental, the entity to whom Plaintiff provided her cell phone number, is of no consequence. *See, e.g., Penn v. NRA Group, LLC*, 2014 WL 2986787 at (D. Md., July 1, 2014) ("providing a cell phone number to the creditor is the same as providing it to a third-party collector working on behalf of the creditor"); *Ranwick*, 2014 WL 3891663 at *2-4 (same).

Plaintiff has failed to respond to the present motion or otherwise submit evidence in opposition thereto.  The evidence submitted by Defendant demonstrates that Plaintiff provided Aspen Dental, and by extension NRA Group, LLC, prior express consent to telephone her. Accordingly, Defendant's motion for summary judgment is granted.

## CONCLUSION

For the reasons articulated herein, <u>Defendant's Motion for Summary Judgment</u>, (dkt. #18), is **granted** and this matter is **terminated**.  An Order consistent with this Opinion will enter.


Date:  October 20, 2014                                    <u>  /s/ Ellen S. Carmody                        </u>
                                                            ELLEN S. CARMODY
                                                            United States Magistrate Judge